IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY DUANE MILLS**                                                                        **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 5:17-cv-135-KS-MTP**

**WALTER JAMES MACKEL**
**and MATTHEW MCCONNELLY**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [31]. Having considered the Motion [31], the record, and the applicable law, the undersigned recommends that the Motion [31] be granted and this action be dismissed with prejudice.

## BACKGROUND

On November 3, 2017, Plaintiff Anthony Duane Mills, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint arise from events which took place during his arrest in Natchez, Mississippi. In his complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff asserts claims against Defendant Walter James Mackel for his alleged use of excessive force and Matthew McConnelly[2] for his alleged failure to protect Plaintiff.

Plaintiff alleges that, on the morning of June 2, 2015, he and his then-wife, Cylynthia, got into an argument because she had seen Plaintiff with another woman. During the argument,

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

[2] In his Answer [23], Defendant McConnelly states that Plaintiff incorrectly identified him as "Matthew 'Will' McConnelly" and that his name is "William McConnelly."

1

Plaintiff fled into the woods because Cylynthia allegedly possessed a gun. Plaintiff wandered in the woods for several hours, and at approximately 6:00 p.m., he found Highway 61 and started walking north along the highway.

According to Plaintiff, Defendant Walter Mackel was driving south on Highway 61 when he passed Plaintiff. Allegedly, Mackel turned his vehicle around and began chasing Plaintiff, attempting to run over Plaintiff. Plaintiff fled into a ditch, and Mackel exited his vehicle and gave chase on foot. Mackel grabbed Plaintiff, took him to the ground, and placed him in handcuffs. During the altercation, Mackel allegedly hit Plaintiff in the back of his head until he was unconscious. Additionally, Mackel allegedly stated: "Didn't I tell you to leave your wife alone." Before Plaintiff was knocked unconscious, he allegedly heard Defendant McConnelly, who had arrived at the scene, say something to Mackel from the top of the ditch. Plaintiff, however, admits that he did not hear what McConnelly said to Mackel. Plaintiff alleges that McConnelly did not intervene to stop Mackel from hitting Plaintiff.

Plaintiff awoke while Defendants were dragging him out of the ditch. Defendants placed Plaintiff in a patrol car, and Plaintiff was taken to the Adams County Jail. Later, Plaintiff was taken to the hospital. According to Plaintiff, he suffered broken ribs, lacerations to his side, and a nearly severed ear. He received thirteen stitches to his ear. Plaintiff returned to jail and eventually was taken to a state hospital for drug treatment, as Plaintiff was using methamphetamine at that time.

On November 15, 2018, Defendants filed the instant Motion for Summary Judgment [31] arguing that they are entitled to qualified immunity and judgment as a matter of law. Plaintiff did not file a response to the Motion.

**STANDARD FOR SUMMARY JUDGMENT**

A motion for summary judgement will be granted when "the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The Court is not permitted to make credibility determinations or weigh the evidence. *See Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2001)). When deciding whether a genuine issue of fact exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

In their Motion for Summary Judgment, Defendants raise the defense of qualified immunity. The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzferald*, 457 U.S. 800, 818 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). A plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Id*. If the defendant did violate the plaintiff's constitutional rights, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation and internal quotation marks omitted).

The Fourth Amendment protects individuals from the use of excessive force during a seizure. *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009). To make out a Fourth Amendment excessive force claim, a plaintiff must establish "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). "[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Conner*, 490 U.S. 386, 396 (1989). The reasonableness of the force used is determined by considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The force used "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Id*.

In support of their Motion for Summary Judgment, Defendants submitted an Incident Report [31-1], a transcript of the *Spears* hearing [31-3], and an affidavit from Walter Mackel [31-4]. Deputy Matthew Henderson prepared an incident report, stating that he and two other deputies responded to a domestic disturbance on June 2, 2015. According to Henderson's report, Cylynthia Mill informed the deputies that her estranged husband (Plaintiff) approached her and began assaulting her. Cylynthia specifically reported that Plaintiff "tried to choke her and pushed her to the ground then left the scene on foot." Cylynthia also reported that Plaintiff had an "air soft pistol" on his person. *See* Incident Report [31-1] at 1.

In his affidavit, Defendant Mackel describes Plaintiff's arrest as follows:

> Mr. Mills began running upon my approach. At some point, I stopped my vehicle and pursued Mr. Mills on foot. I grabbed Mr. Mills where upon we fell to the ground. I restrained Mr. Mills with handcuffs and noticed that he was bleeding from minor cuts on the side of his head and neck. By this point Officer McConnelly had arrived and took over Mr. Mills' arrest. I have never used excessive force on Mr. Anthony Mills and deny any and all allegations to the contrary.

*See* Mackel Affidavit [31-4].

Additionally, Defendant McConnelly described what he witnessed concerning Plaintiff's arrest in an incident report prepared on June 2, 2015. According to McConnelly's report, he "responded to Highway 61 . . ., where Deputy W. Mackel was in a foot pursuit with Anthony Mills, and upon my arrival Deputy Mackel had the subject in custody." *See* Incident Report [31-1] at 3. Defendant McConnelly also stated that Plaintiff had "injuries to his left ear, left side neck, and left abdomen." *Id*.

Plaintiff and Defendants present different versions of the events surrounding Plaintiff's arrest. However, even accepting Plaintiff's version of events as true,[3] Plaintiff has failed to demonstrate a genuine issue as to any material fact. Plaintiff's own allegations demonstrate that Defendant Mackel's actions were objectively reasonable considering the circumstances created by Plaintiff's actions. As previously mentioned, the reasonableness of the force used is determined by considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Deputies were aware that Plaintiff allegedly attacked his wife by attempting to choke her and by pushing her to the ground. *See* Incident Report [31-1] at 1. Deputies were also aware that Plaintiff allegedly possessed an "air soft pistol." *Id*.

Additionally, Plaintiff admits that he was under the influence of methamphetamine and attempted to evade Defendant Mackel. At the *Spears* hearing, Plaintiff stated that Defendant Mackel "grabbed me by the shirt collar before I could get out of reach, and when I hit the ground he started hitting me in the back of my head." *See* Transcript [31-3] at 5. The Fifth Circuit has held that an officer's conduct was objectively reasonable when he took an arrestee to the ground and repeatedly punched him in the back of the head so that he could gain control of the arrestee's arms and handcuff him. *Griggs v. Brewer*, 841 F.3d 308, 313-15 (5th Cir. 2016); *see also*, *Escarcega v. Jordan*, 701 Fed. App'x. 338 (5th Cir. 2017) (holding police officers did not use excessive force by kicking and punching arrestee while effectuating his arrest); *Jackson v.*

---

[3] When confronting a qualified immunity inquiry at the summary judgment stage, courts "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).

*Hebert*, 2018 WL 3421854, at *8-9 (W.D. La. July 13, 2018) (holding that an officers' actions were reasonable where the plaintiff actively resisted the officers' attempts to place him in a patrol car); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("nothing about the use of chemical spray or even a choke-hold was objectively unreasonable conduct where the suspect physically resisted arrest"); *Poole v. Russell*, 2016 WL 6082041, at *6-7 (W.D. La. Oct. 18, 2016) (holding that a plaintiff's resistance to arrest made a police officer's decision to pin the plaintiff to the floor with his knee objectively reasonable).

The undersigned notes that it is not clear from Plaintiff's allegation whether any of Mackel's punches occurred after Plaintiff was handcuffed.[4] It is clear that once an arrestee has been handcuffed and subdued—and is no longer resisting—the act of punching or otherwise gratuitously harming the arrestee constitutes excessive force. *See Griggs*, 841 F.3d at 315; *Bush v. Strain*, 513 F.3d 492, 501-02 (5th Cir. 2008).

Plaintiff, however, does not allege, nor does the evidence demonstrate, that Plaintiff stopped resisting once handcuffs were placed on him.[5] Officers are not prohibited from using necessary force on an arrestee wearing handcuffs when the arrestee is not actually subdued. *See*

---

[4] As mentioned, Plaintiff specifically stated that Defendant Mackel "grabbed me by the shirt collar before I could get out of reach, and when I hit the ground he started hitting me in the back of my head" *See* Transcript [31-3] at 5.  However, Plaintiff also stated that Defendant Mackel "grabbed me; just put me in handcuffs and said didn't I tell you to leave your wife alone? And started punching me in the back of the head." *Id*. at 8.

[5] "[P]laintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009).  To meet this burden, Plaintiff must allege sufficient facts to show that Defendant's conduct amounted to a constitutional violation and that no reasonable officer could have believed his action were proper. *Samford v. Bowers*, 2000 WL 140751, at *4 (N.D. Tex. Feb. 4, 2000) ("the plaintiff must allege 'detailed facts supporting the contention that the plea of immunity cannot be sustained'") (quoting *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 178 (5th Cir. 1990)); *Ybarra v. Lubbock Police Dep't. Officer*, 2016 WL 7664344, at *3 (N.D. Tex. Apr. 5, 2016) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)); *Childers v. San Saba County*, 2016 WL 10988779, at * 6 (W.D. Tex. Apr. 22, 2016).

*Griggs*, 841 F.3d at 315-16 (holding that officer's conduct was objectively reasonable when he punched an arrestee, who was handcuffed, after the arrestee kicked the officer in the chest); *Hill v. Carroll Cty., Miss.*, 467 F. Supp. 2d 696, 704 (N.D. Miss. 2006), aff'd, 587 F.3d 230 (5th Cir. 2009) (holding that officers' conduct was objectively reasonable when they "hog-tied" arrestee because she continued to resist after her hands were cuffed behind her back and her legs were cuffed together). Thus, even if some of Mackel's conduct occurred after Plaintiff was handcuffed, the use of force was "the sort of 'split-second judgment' in a difficult situation that qualified immunity is designed to protect." *Griggs*, 841 F.3d at 316 (quoting *Graham*, 490 U.S. at 396-97)).

Plaintiff also claims that Defendant McConnelly failed to intervene to stop Defendant Mackel from striking Plaintiff. An officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under § 1983. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). An officer must have had a reasonable opportunity to realize the excessive nature of the force and a realistic opportunity to stop it in order for the duty to intervene to arise. *See Hale* at 919. However, "[i]n order for bystander liability to exist, there must be an underlying use of excessive force." *Zantiz v. Seal*, 2013 WL 6834369, at *6 (E.D. La. Dec. 26, 2013) (citing *Elliot v. Linnell*, 269 Fed. App'x. 450, 451 (5th Cir. 2008)); *see also Harmon v. Nguyen*, 2016 WL 750923, at *4 (N.D. Tex. Feb. 4, 2016) (citing *Peavy v. Dallas Indep. Sch. Dist.*, 57 F. Supp. 2d 382, 390 n.4 (N.D. Tex. 1999)). Because Defendant Mackel did not use excessive force, Plaintiff's claim against Defendant McConnelly fails.

Moreover, even if Mackel had used excessive force, Plaintiff has not alleged sufficient facts to show that Defendant McConnelly's conduct amounted to a constitutional violation. Plaintiff alleges that *at some point* McConnelly arrived during Plaintiff's encounter with Mackel and said something to Mackel from a distance.  Plaintiff did not hear what McConnelly said to Mackel.  These allegations do not support an inference that McConnelly realized the excessive nature of the force and had a realistic opportunity to stop the force.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [31] be GRANTED and that this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 17th day of July, 2019.

s/ Michael T. Parker  
United States Magistrate Judge